Submitted on record and appellant's brief September 20,
reversed and remanded December 11, 1968

IN THE MATTER OF BARBARA LOUISE GAMROTH AND
SHERRI LYNN GAMROTH, CHILDREN.

## STATE OF OREGON, *Respondent, v.*
## BONNIE LEE GAMROTH,
*Appellant.*
447 P. 2d 912

VanNatta & Petersen, St. Helens, for the appellant.

No appearance for respondent.

GOODWIN, J.

A mother of two children appeals from orders of the circuit court juvenile department declaring the children to be wards of the court and placing their

temporary custody with the Oregon State Public Welfare Commission.

The father of the children is in prison. The mother, from whose custody the children were taken by the challenged orders, had been cited to appear to answer a juvenile court petition in the usual form, which alleged that the mother was unfit in several particulars, including failure properly to care for the children while present in the home and neglecting the children while absent from the home participating "in social activities with men other than her husband."

■ At the commencement of the hearing, the mother, through her counsel, requested that the hearing be opened to the public. The court denied the request, asserting it to be the law that all juvenile hearings must be *in camera*. This was an erroneous reading of the law.[1] ORS 419.498(1) provides, *inter alia,* that unless the child or his parents "otherwise request, the general public shall be excluded  *  *  *."

■ In this appeal a decision has been sought upon constitutional grounds. We find it unnecessary to consider whether the Legislative Assembly overstepped its constitutional bounds in providing that some juvenile hearings can be held *in camera,* because in this case the parent made the statutory request for a public trial. Since a public trial was denied, and since under ORS 419.498(1) the parent was entitled to it upon request, we find no alternative to reversal. In view of the reversal, it is unnecessary to consider other assignments of error seeking the same result.

Reversed and remanded.

---

[1] On behalf of the trial court, it should be noted that the request was made upon general constitutional grounds, and the precise statute applicable to the situation appears not to have been called to the attention of the court.